UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                        :
OMAR J. LIZARRAGA,                        :
                           Plaintiff,     :
                                                        :           13 Civ. 4703 (JPO)
                       -v-                        :
                                                        :           <u>OPINION AND ORDER</u>
CENTRAL PARKING, INC. – THE WALDORF  :
ASTORIA HOTEL,                                         :
                                      Defendant.   :
                                                        :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

       Plaintiff Omar J. Lizarraga brings this action *pro se* asserting discrimination based upon race, religion, and national origin in violation of Title VII of the Civil Rights Act, the New York State Human Rights Law, and the New York City Human Rights Law. Defendant Central Parking, Inc. moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion is granted.

**I.     Background**

       Lizarraga is a Mexican-American Catholic[1] who was previously employed by Defendant, a company that provides parking services, at the Waldorf Astoria Hotel.[2] He alleges that when

---

[1] In his untranslated amended complaint, Lizarraga indicates in Spanish that he is Mexican and Catholic and states that he is a legal immigrant and permanent resident. (Dkt. No. 7 at 3.) He does not indicate his national origin in his translated amended complaint, but does indicate his religion. (Dkt. No. 8 at 3.)

[2] Despite Lizarraga's characterization, Defendant's counsel indicates that Defendant and the Waldorf Astoria Hotel are distinct entities. (Dkt. No. 26.) Perhaps due to the caption, the Waldorf Astoria Hotel was not served with process and has not appeared. The Court assumes based upon the amended complaint that Lizarraga intended only to sue his employer, Defendant, and his inclusion of "— The Waldorf Astoria Hotel" was meant to indicate the location of his employment with Defendant. Even if he intended to sue the Waldorf Astoria Hotel as well, the Court would dismiss such claims *sua sponte* based upon untimeliness. Because this affirmative defense applies equally to Defendant and the Waldorf Astoria Hotel, Lizarraga has received

he met with his supervisor in November 2012 and demanded that his tips correspond to the number of hours he worked, his supervisor refused and said that "if [he] didn't like it, [he] can return to [his] country." (Dkt. No. 8 ("Am. Compl.") at 3.)  At an unspecified later time, Lizarraga's supervisor told him that "it was absurd to charge tips in respect to [those] hours" because "during those hours nothing is collected," and "mention[ed] to [Lizarraga] that he ha[d] no idea that in [his] religion there are such beliefs (that [he] must collect tips that correspond to [him])." (*Id.*)  When Lizarraga reported his supervisor to Defendant's Human Resources offices, he was met with "unfavorable results." (*Id.*).  Lizarraga also alleges that on an unspecified date, he was informed that he did not qualify for sick leave despite a medical condition "checked by a registered Medical." (*Id.*)  He does not suggest, however, that this decision was based upon his race, religion, or national origin.

     Lizarraga filed a charge with the Equal Employment Opportunity Commission on January 22, 2013 and received a right-to-sue letter on February 12, 2013.  He filed a complaint in this court on July 2, 2013.  (Dkt. No. 1.)  On August 27, 2013, the Court dismissed the complaint without prejudice for failure to comply with its order to pay the filing fee or submit a request to proceed *in forma pauperis*.  (Dkt. Nos. 2 & 4.)  Lizarraga filed an amended complaint on September 26, 2013, which the Court construed as a motion for reconsideration and granted. (Dkt. Nos. 6 & 7.)  In accordance with the Court's Order, he filed a translated amended complaint on November 5, 2013.  (Am. Compl.)  This case was reassigned from Chief Judge Preska to the undersigned on November 7, 2013.  Defendant moved to dismiss on February 19, 2014.  (Dkt. No. 22.)  Lizarraga has not filed an opposition.

---

notice and an opportunity to contest the issue, and *sua sponte* dismissal is permissible. *See, e.g.*, *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000) (citations omitted).

## II. Legal Standard

On a motion to dismiss for failure to state a claim, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted). However, the court will not consider mere conclusory allegations lacking a factual basis, *Hayden v. Paterson*, 594 F.3d 150, 160-61 (2d Cir. 2010), or "[t]hreadbare recitals of the elements of a cause of action" amounting to no more than legal conclusions, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint does not provide a basis for the court to plausibly infer that the defendant is liable for the misconduct alleged, the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007). A plaintiff's *pro se* status does not excuse him from compliance with the pleading standards of the Federal Rules of Civil Procedure. *Spataro v. Glenwood Supply*, 2012 WL 4690259, *1 (2d Cir. Oct. 4, 2012). However, *pro se* complaints are held to a less stringent standard than pleadings drafted by attorneys, and are read with a "special solitude" to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## III. Discussion

To be timely, a Title VII complaint must be filed within 90 days of receipt by the claimant of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see also Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (noting that the 90-day period begins to run upon receipt of the letter). Failure to comply with the timeliness requirement is not jurisdictional, but rather gives rise to an affirmative defense that is subject to waiver by the defendant and equitable tolling when appropriate. *Wilson v. Tribeca Grand Hotel*, 2013 WL 5966895, *1 (S.D.N.Y. Nov. 8, 2013) (citing *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003)). "Although the lapse of a limitations period is an

affirmative defense that a defendant must plead and prove, a district court may consider such issues on a Rule 12 motion when the information relevant to the determination is available on the face of the complaint." *Adams-Shango v. New York City Dep't of Educ.*, 11 Civ. 4619 (RJS), 2012 WL 383468, *3 (S.D.N.Y. Aug. 22, 2012) (citations and quotations omitted) (alterations adopted). Lizarraga alleges that he received the right-to-sue letter on February 12, 2013. (Am. Compl. at 4). However, he did not file a complaint until nearly five months later, on July 2, 2013. Consequently, absent circumstances warranting equitable tolling, his Title VII claims must be dismissed as untimely.

Equitable tolling is appropriate if Lizarraga can demonstrate that he "(1) has acted with reasonable diligence during the time period [he] seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass*, 333 F.3d at 80-81 (citation and quotations omitted). The complaint does not indicate why Lizarraga failed to sue in a timely fashion, and because he failed to file an opposition to the instant motion, the Court can only speculate. Nothing in the record suggests that Lizarraga attempted with due diligence to file his complaint before July 2, 2013. On the contrary, this case has already been dismissed once before because he was not diligently pursuing his claims. Even now, he has failed to oppose Defendant's motion some three months after it was filed. Moreover, his tardiness in filing this action was not a matter of several days or weeks, but nearly two months. Under these circumstances, even if Lizarraga had requested equitable tolling, it would not be warranted. *See, e.g.*, *Lewis v. New York City Dep't of Educ.*, 2013 WL 5405534, *5 (S.D.N.Y. Sept. 25, 2013) (dismissing Title VII complaint that was filed three days late, reasoning that the 90-day period is strictly enforced); *Lang v. New York City Health & Hosps. Corp.*, 2013 WL 4774751, *2 (S.D.N.Y. Sept. 5, 2013) (dismissing complaint that was filed 58 days late and observing that "[t]he fact that [plaintiff] is a *pro se* litigant is immaterial in this context")

(citation omitted); *cf. Zerilli-Edelglass*, 333 F.3d at 80-81 (affirming district court dismissal where plaintiff's filing of charge with EEOC was 57 days late).  Accordingly, Defendant's motion to dismiss Lizarraga's Title VII claims is granted.

This leaves only the issue of Lizarraga's claims under the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 *et seq.*  Because the Court dismisses Lizarraga's federal claims, it declines to exercise supplemental jurisdiction over his state and city claims.  *See Lanza v. Merrill Lynch & Co.*, 154 F.3d 56, 61 (2d Cir. 1998) (observing that non-federal claims should generally be dismissed when all federal claims are dismissed) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also Isaacson v. N.Y. Organ Donor Network*, 405 Fed. App'x 552, 554 (2d Cir. 2011) (affirming district court's refusal to exercise supplemental jurisdiction over state law claims following dismissal of Title VII claims); *Betts v. Shearman*, 2013 WL 311124, *16 (S.D.N.Y. Jan. 24, 2013) (Oetken, J.) (declining to exercise supplemental jurisdiction over related state law claims after dismissing 42 U.S.C. § 1983 claims).  Defendant's motion to dismiss Lizarraga's claims under the New York State and City Human Rights Laws is therefore also granted.

## IV.   Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motions at docket numbers 7 and 22 and to close this case.

SO ORDERED.

Dated: New York, New York
       June 2, 2014

_____
J. PAUL OETKEN
United States District Judge